United States District Court
for the
Southern District of Florida

| | |
|---|---|
| James Graham, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-25304-Civ-Scola |
| | ) |
| Commissioner of Social Security, Defendant. | ) |

### Order Adopting Magistrate's Report and Recommendation

This matter was referred to United States Magistrate Judge Edwin G. Torres for a ruling on all pre-trial, nondispositive matters, and for a report and recommendation on any dispositive matters. Judge Torres issued a report, recommending that the Court deny Plaintiff James Graham's motion for summary judgment (ECF No. 25), grant Defendant Andrew Saul, Acting Commissioner of the Social Security Administration's motion for summary judgment (ECF No. 26), and affirm the administrative law judge's unfavorable decision. (Rep. & Rec., ECF No. 28.) Graham filed objections (ECF No. 29), to which the Commissioner did not respond. After reviewing the filings, the applicable law, and the record, the Court **adopts** Judge Torres's report and recommendation (**ECF No. 28**), **denies** Graham's motion for summary judgment (**ECF No. 25**) and **grants** the Commissioner's motion for summary judgment (**ECF No. 26**).

Irrespective of Graham's objections, the Court has conducted a de novo review of the entire record and report and recommendations in this case. The Court agrees with all of Judge Torres's findings and conclusions: the administrative law judge's failure to assign weights to two of Graham's treating physicians' opinions was not error; the ALJ's residual-functional-capacity assessment was supported by substantial evidence; and the ALJ properly concluded Graham's subjective complaints were inconsistent with his testimony and the medical record.

Regarding the treating physicians whose opinions Graham complains the ALJ improperly disregarded, the Court agrees with Judge Torres that (1) the ALJ discussed these physicians' treatment notes extensively and (2), in any event, the opinions of both doctors bolster the ALJ's unfavorable decision, rendering any error harmless. *See Baez v. Comm'r of Soc. Sec.*, 657 F. App'x 864, 869 (11th Cir. 2016) (finding an ALJ's failure to assign weight to or even discuss a medical opinion harmless when the ALJ's assessment of a claimant's disability is nevertheless consistent with or more restrictive than the opinion);

*Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (finding an ALJ need not specifically refer to every piece of evidence, especially if that evidence is not ultimately relevant to a plaintiff's particular claim of disability). Like he did in briefing his motion for summary judgment, Graham, in his objections, points to medical evidence that predates both his recovery from injuries caused by a fall and shoulder surgery to support his claims. He fails, once again, though, to explain how this outdated medical evidence is relevant to the ALJ's residual-functional capacity assessment. It was not error for the ALJ to have disregarded this pre-recovery and pre-surgery medical evidence. Further, it is telling that Graham fails to point to any specific medical opinion from either treating doctor that would actually support a finding of disability. Instead, he continues to complain, generally and without any actual support, that the ALJ's decision is not consistent with these doctors' opinions. And while he itemizes a laundry list of various diagnoses, clinical findings, and recommended treatment plans, nowhere does Graham specify a physician's particular finding of limitation that is relevant and or that contradicts the ALJ's assessment. Any error the ALJ made by failing to specify the weight he was affording the opinions of these two doctors was harmless: the ALJ discussed these doctors' treatment notes extensively; and the relevant treatment notes and opinions are, in any event, consistent with the ALJ's findings. Graham's objections to the contrary are without merit. Similarly, the Court overrules Graham's remaining objections, as they are mostly based on his quarrel with the ALJ's assessment of his treating physician's opinions. In sum, the administrative law judge's decision was supported by substantial evidence and any failure to apply the proper legal standards was harmless error.

Accordingly, the Court **overrules** Graham's objections, **affirms and adopts** the report and recommendation (**ECF No. 28**), **grants** the Commissioner's motion for summary judgment (**ECF No. 26**), and **denies** Graham's motion for summary judgment (**ECF No. 25**). The Court thus directs the Clerk to **close** this case.

**Done and ordered** at Miami, Florida, on August 18, 2020.

Robert N. Scola, Jr.
United States District Judge